Date signed September 22, 2010



PAUL MANNES
U. S. BANKRUPTCY JUDGE

# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF MARYLAND
### at Greenbelt

IN RE:                                  :
                                        :
SUSSEX TITLE, LLC                       :   Case No. 07-22878PM
                                        :           Chapter 7
        Debtor                          :
- - - - - - - - - - - - - - - - - - - - :

## MEMORANDUM OF DECISION

Before the court is the First Interim Application of the law firm of Zuckerman Spaeder LLP as Special Counsel for Steven H. Greenfeld, Chapter 7 Trustee, for the period January 4, 2008, through March 31, 2010. The Application seeks an allowance of $178,868.48 that is comprised of fees in the sum of $174,211.50 and reimbursement of costs and expenses in the sum of $4,656.98. An objection to the Application was filed on behalf of Melvin Proctor, Nadine Proctor, and Dina Simon, Class Representatives who appear through their Class Counsel, Scott C. Borison. These individuals were victims of a scam operating under the guise of a foreclosure rescue program that resulted in the draining of any equity they had in their homes and rendered them unable to satisfy ongoing obligations.[1]

---

[1] A Class Action was certified in the United States District Court for the District of Maryland and then remanded to this court. One offshoot of that litigation was the filing of a libel action by Stephen P. Norman, the principal of Debtor, against Class Counsel and several other individuals. This case was dismissed by the Circuit Court for Montgomery County, Maryland. The Court of Special Appeals affirmed the dismissal in *Norman v. Borison*, 994 A.2d 1019 (Md. App. 2010), and a petition for *certiorari* was granted on August 20, 2010. The court has been informed that some of the individuals involved in this scam have been the subject of criminal action and are incarcerated.

The burden of proof as to the reasonableness of the requested compensation of attorneys' fees is upon the Applicant. *In re Vu*, 366 B.R. 511, 521 (D. Md. 2007). In passing on compensation, the court begins with the "*Lodestar*" principles promulgated as criteria in reviewing applications for compensation by attorneys in bankruptcy cases. *Harman v. Levin*, 772 F.2d 1150 (CA4 1985) (adopting the criteria originally set forth in the case of *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (CA5 1974)). *See also In re Leonard Jed Co.*, 103 B.R. 706 (BC Md. 1989), *amended by* 118 B.R. 339 (D. Md. 1990); *In re Courtois*, 222 B.R. 491 (BC Md. 1998). In making this determination, the court is to consider the following 12 factors:

(1) the time and labor expended;
(2) the novelty and difficulty of the questions raised;
(3) the skill required to properly perform the legal services rendered;
(4) the attorney's opportunity costs in pressing the instant litigation
(5) the customary fee for like work;
(6) the attorney's expectations at the outset of the litigation;
(7) the time limitations imposed by the client or circumstances;
(8) the amount in controversy and the results obtained;
(9) the experience, reputation and ability of the attorney;
(10) the undesirability of the case within the legal community in which the suit arose;
(11) the nature and length of the professional relationship between attorney and client; and
(12) attorneys' fees awards in similar cases.

*Vu*, 366 B.R. at 521. The time and labor expended by counsel is as set forth in the Application. The issues presented in prosecution of the case of *St. Paul Fire and Marine Ins. Co. v. Chaudry et al.*, Adversary Proceeding No. 09-00226 (the "St. Paul Litigation"), that forms a part of the work for which compensation is sought, were novel in that the foreclosure scam operated by the guilty parties was a relatively new form of malfeasance and required careful attention to detail and knowledge the real estate and foreclosure process. The hourly fees charged, ranging from $245.00 an hour to $550.00 an hour, are on the higher side of customary awards in bankruptcy litigation but appear appropriate in light of the sophisticated nature of the matters involved. This work had to be pursued diligently as the funds sought were likely to disappear without prompt action. The court understands that over $1,200,000.00 has been recovered for the estate, and,

while this will not make the victims whole, it is highly unlikely that there would have been any substantial recovery without the intervention of Special Counsel. Through the benefits of the mediation process, Special Counsel was also able to keep the cost of this litigation well under what might have been incurred as a result of a full-blown trial.

The objecting parties argue that the settlement of the St. Paul Litigation produced far less than the cost of that litigation. The court disagrees and finds that there was a substantial benefit to Debtor's estate, as explained by counsel at the oral argument, and that the argument that the St. Paul Litigation provided only $70,000.00 to estate is specious. The sums received from St. Paul were subject to various claims and defenses and did not fall like ripe fruit into the hands of counsel. Again, as explained at the hearing, the escrow claim litigation was immensely more complicated than the objectors would have the court believe. The objecting parties also assert that the work involved in the investigation of an action against Harbor Bank should not be compensated. The claims against Harbor Bank had to be checked thoroughly by the attorneys for the Debtor in the exercise of due diligence. As pointed out in the case of *In re Vu*, 366 B.R. at 516-17, benefit to the estate is not the sole test of compensation.

There are also complaints of excessive time and billing. The court has examined some of the pleadings involved and finds that some of the time charged appears more than required, particularly in view of the experience of counsel and the rates charged by counsel. However, Special Counsel's realization of this fact is evidenced by its decision to write off 45.40 hours at an hourly rate of approximately $480.00. By voluntarily reducing its fee, Special Counsel has properly exercised its billing judgment as it is required to do under bankruptcy law. *In re Maxine's, Inc*, 304 B.R. 245, 249 (BC Md. 2003) (citing *In re Leonard Jed*, 103 B.R. 706, 713 (BC Md. 1989) and *In re Bernard Hill, Inc.*, 133 B.R. 61, 62 (BC Md. 1991)). Finally, Class Counsel urges this court to follow the standards for attorneys' fees set forth in Local Rule 109(b) of the Local Rules of the United States District Court for the District of Maryland used for civil rights and discrimination cases, as more fully set forth in Appendix B to the Local Rules. This possible return to the principle of strict economy being advocated by Class Counsel, however, has been abandoned for cases filed after the passage of the Bankruptcy Reform Act of 1978. *See generally Boston and Main Corp. v. Sheehan, Phinney, Bass and Green, P.A.*, 778 F.2d 890, 897 (CA1 1985). Furthermore, compensation in bankruptcy cases differs considerably from the fee-shifting provisions found in discrimination and civil rights cases that are subject to Rule 109(b), particularly because, as here, the work of counsel results in the production of substantial sums of

money for the estate or often the reduction of claims against the estate.

An appropriate order will be entered.

cc:      Steven H Greenfeld
Cohen, Baldinger & Greenfeld, LLC
7910 Woodmont Avenue
Suite 1103
Bethesda, MD 20814

Nelson C. Cohen
Zuckerman Spaeder LLP
1800 M Street, N.W., Suite 1000
Washington, DC 20036

Scott C. Borison, Esq.
Gerald Danoff, Esq.
Legg Law Firm LLC
5500 Buckeystown Pike
Frederick, MD 21703

Erwin R.E. Jansen, Esq.
4550 Forbes Blvd., Suite 110
Lanham, MD 20706

Phillip R. Robinson, Esq.
Civil Justice, Inc.
520 W. Fayette Ave., Suite 410
Baltimore, MD 21201

Charles Maynard, Esq.
Joe Watson, Esq.
401 East Jefferson Street
Suite 208
Rockville, MD 20850

Robert L. Ferguson, Esq.
Michele Zhaner Blumenfeld, Esq.
Gregory Patrick Currey, Esq.
Ferguson Schetelich and Ballew PA
100 S. Charles Street
1401 Bank of America Center
Baltimore, MD 21201

Stanley Derwin Brown, Esq.
Law Offices of Stanley Brown
9500 Arena Drive, Suite 104
Largo, MD 20774

Richard L. Costella, Esq.
Miles & Stockbridge P.C.
10 Light Street
Baltimore, MD 21202

Peter A. Holland, Esq.
The Holland Law Firm, P.C.
1410 Forest Drive, Suite 21
Annapolis, MD 21403

Lawrence R. Holzman, Esq.
6404 Ivy Lane, Suite 400
Greenbelt, MD 20770

Karen H. Moore, Esq.
Davis, Agnor, Rapaport & Skalny, LLC
10211 Wincopin Circle, 6th Floor
Columbia, MD 21044

Bradshaw Rost, Esq.
Tenenbaum & Saas, P.C.
4505 Walsh Street, Suite 200
Chevy Chase, MD 20815

Eric H. Fig, Esq.
Fredikin, Matrone & Horn, P.A.
1201 Seven Locks Road, Ste 360
Rockville, MD 20854

Barry H. Gottfried, Esq.
Michael Alan Stern, Esq.
Office of the Attorney General for the District of Columbia
441 - 4th Street, N.W.
Suite 1130N
Washington, DC 20001

Linda M. Schuett, Esq.
Benjamin S. Wechsler, Esq.
Linowes and Blocher LLP
145 Main Street
Annapolis, MD 21401

All Creditors

**End of Memorandum of Decision**

Case 07-22878   Doc 163   Filed 09/22/10   Page 6 of 6